APPEAL OF WATSONTOWN BRICK CO.

Docket No. 3580.   Submitted June 30, 1925.   Decided November 20, 1925.

During the year 1919 the stock of the taxpayer to the extent of from 72.96 to 89.97 per cent was owned or controlled by the Paxton Brick Co. Thereafter, the president and vice president of both companies acquired further stock from a quiescent minority, bringing the stock held or controlled to 92.64 per cent on November 3, and to 100 per cent on November 5. *Held*, that the taxpayer was affiliated with the Paxton Brick Co. from November 1, 1919, to the end of the year.

*J. A. Farber, C. P. A.*, for the taxpayer.
*P. S. Crewe, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

taxpayer claims erroneous treatment by the Commissioner of a dividend in connection with the computation of its invested capital and asserts affiliation with the Paxton Brick Co.

### FINDINGS OF FACT.

The taxpayer and the Paxton Brick Co. are and were during the taxable year in question Pennsylvania corporations, with principal offices at Watsontown. Both companies were engaged in the manufacture of refractory products during the taxable year.

On October 9, 1919, the taxpayer declared a dividend of 40 per cent on its outstanding capital stock as of that date, in a total amount of $23,920. The dividend was paid as follows:

| | |
|---|---|
| Oct. 21, 1919 | $5,000 |
| Oct. 27, 1919 | 2,500 |
| Nov. 1, 1919 | 16,420 |

The total net income of the company for the year 1919, as determined by the Commissioner, and undisputed by the taxpayer, was $27,186.87. In computing the invested capital of the taxpayer the Commissioner deducted the entire amount of $23,920.

The taxpayer consolidated its return for the year 1919 with that of its parent company, Paxton Brick Co., Watsontown, Pa., which consolidated return reflected a combined tax liability of the two companies of $3,665.60. This liability was assumed by the taxpayer and paid by it for the reason that its operations for the year 1919 had shown a gain, whereas those of the parent company (Paxton Brick Co.) had shown a loss.

Thereafter, and during the year 1923, the Commissioner required the taxpayer and the Paxton Brick Co. to file separate returns for the year 1919, upon which returns there appeared to be due a total tax of $6,692.22, or an additional tax of $3,026.62. Thereafter, the Commissioner audited the returns of the taxpayer and determined a total additional tax in excess of $3,026.62 of $5,127.48, as shown by the deficiency letter dated February 23, 1925. It does not appear that the taxpayer has been given credit for the tax paid upon the original consolidated returns of $3,665.60.

The Watsontown Brick Co. was incorporated on February 25, 1908, and has an authorized capital stock of $100,000 par value, consisting of 2,000 shares of common capital stock of $50 each.

The Paxton Brick Co. was incorporated on May 11, 1913, and has an authorized capital stock of $100,000 par value, consisting of 2,000 shares of common capital stock of $50 each.

On January 1, 1919, there were outstanding 1,239 shares of stock of the Watsontown Brick Co. Of the remaining shares, 536 were unissued and 225 were held in the treasury of the company as treas-

ury stock. The entire authorized capital stock of the Paxton Brick Co. was issued and outstanding on January 1, 1919.

The outstanding capital stock of the two companies on January 1, 1919, was owned as follows:

| | Paxton Brick Co. | | Watsontown Brick Co. | |
|---|---|---|---|---|
| | Shares out-standing. | Per cent. | Shares out-standing. | Per cent. |
| E. Summers, president and director of both companies | 316 | 15.8 | 1 | 0.08 |
| C. A. Summers, brother of E. Summers, first vice president and director of both companies | 229 | 11.45 | 1 | .08 |
| W. E. Fowler, son of J. C. Fowler, second vice president and director of both companies | 147 | 7.35 | 1 | .08 |
| J. C. Fowler, secretary and treasurer and director of both companies | 599 | 29.95 | 1 | .08 |
| C. E. Fisher, sales manager and director of both companies | 353 | 17.65 | 1 | .08 |
| E. R. Fowler, wife of J. C. Fowler and mother of W. E. Fowler | 1 | .05 | | |
| Paxton Brick Co | | | 899 | 72.56 |
| Other stockholders who owned stock in only one of the companies | 355 | 17.75 | 335 | 27.04 |
| Total | 2,000 | 100.00 | 1,239 | 100.00 |

On January 18, 1919, the Watsontown Brick Co. purchased from its minority stockholders 43 shares of stock and placed them in the treasury. The remaining shares of capital stock of the Watsontown Brick Co., which were held by the minority interests, were acquired by Messrs. E. and C. A. Summers. The dates on which this stock was acquired are as follows:

|  | Shares. |
|---|---|
| April 10, 1919 | 130 |
| June 4, 1919 | 10 |
| Oct. 31, 1919 | 32 |
| Nov. 3, 1919 | 32 |
| Nov. 5, 1919 | 88 |
| Total | 292 |

The process of acquisition of all of the stock of the Watsontown Brick Co. by the Paxton Brick Co. or its stockholders during the year 1919 is illustrated by the following table:

| | Paxton Brick Co. | | Officers of both companies. | | Minority stock-holders. | | Total. | |
|---|---|---|---|---|---|---|---|---|
| | Shares. | Per cent. | Shares. | Per cent. | Shares. | Per cent. | Shares. | Per cent. |
| **1919** | | | | | | | | |
| Jan. 1 | 899 | 72.56 | 5 | 0.40 | 335 | 27.04 | 1,239 | 100 |
| Jan. 18 | 899 | 75.17 | 5 | .42 | 292 | 24.41 | 1,196 | 100 |
| Apr. 10 | 899 | 75.17 | 135 | 11.29 | 162 | 13.54 | 1,196 | 100 |
| June 4 | 899 | 75.17 | 145 | 12.12 | 152 | 12.71 | 1,196 | 100 |
| Oct. 31 | 899 | 75.17 | 177 | 14.80 | 120 | 10.03 | 1,196 | 100 |
| Nov. 3 | 899 | 75.17 | 209 | 17.47 | 88 | 7.36 | 1,196 | 100 |
| Nov. 5 | 899 | 75.17 | 297 | 24.83 | | | 1,196 | 100 |

The business of the two companies is transacted as if they were but one company with two plants. The entire business of the two companies is transacted through one office, which is located at Watsontown, Pa. All orders for brick are received at this main office and are assigned to the particular plant which can handle the order most advantageously. The purchasing department of the main office serves both companies and all of the requirements for materials and supplies of both companies are handled by this one office. Advertising is contracted for by the main office, which arranges publicity for both companies. The cost of maintaining the main office is shared by both companies in accordance with the ratio of the brick produced. Both companies have the same officers and directors.

The Paxton Brick Co. paid salaries in a total amount of $2,492.72, divided equally between J. C. Fowler and Charles E. Fisher. The Watsontown Brick Co. paid salaries to J. C. Fowler, Edgar Summers, W. E. Fowler, and Charles E. Fisher in the amounts, respectively, of $3,000, $6,000, $4,000, $2,500, and $2,500, a total of $18,000.

Prior to the acquisition by the Paxton Brick Co. of 899 shares of the Watsontown Brick Co., the two companies had been engaged in intense competition. By that purchase, the interests in the Watsontown Brick Co., which were actively opposed to the interests in the Paxton Brick Co., were retired from the management. The remaining stockholders of the Watsontown Brick Co. had never been actively interested in its affairs, were practically unknown to the directors and officers of the Paxton Brick Co., and their stock was acquired as rapidly as they could be located and negotiations completed for the several purchases.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, in accordance with Rule 50.

### OPINION.

JAMES: It is clear that the Commissioner erroneously computed the deduction from invested capital arising out of the dividend declared October 9, 1919, and thereafter paid in amounts totaling $23,920. The earnings of the taxable year should be prorated to October 9, 1919, and only any excess of dividends over such earnings should be deducted in determining invested capital.

The taxpayer claims affiliation with the Paxton Brick Co. The evidence indicates that, throughout the year 1919, 899 shares of stock of the taxpayer were owned by the Paxton Brick Co. and that during the year officers and stockholders of that company acquired all of the outstanding stock of the taxpayer in excess of its own holdings. It also appears that at the beginning of the year a small block of its stock was acquired by the taxpayer itself. Between the beginning of the year and June 4, the combined stockholdings of the Paxton Brick Co. and its officers and stockholders in the taxpayer reached 87.29 per cent. By October 31, the total was 89.97 per cent, and by November 3, 92.64 per cent. On November 5 all of the stock of the taxpayer passed into the control of the Paxton Brick Co. or its officers and stockholders.

It is apparent that the Paxton Brick Co. at all times after the acquisition of its original holding of 899 shares controlled the business activities of the taxpayer. However, it does not appear that it controlled the stock held by minority interests other than that those stockholders were not active in the affairs of the taxpayer and their interests were acquired as rapidly as they could be located and negotiations completed for their stock. Control of the business is not control of the stock of a corporation conducting a business, nor, where a minority of stockholders are present, even though quiescent, representing 27.04 per cent of the stock, can we hold that the stock owned or controlled by the parent company constitutes substantially all of such stock. Not until after the first of November in the taxable year did the stockholdings of the Paxton Brick Co., including the stock held by its officers and stockholders, exceed 90 per cent of the total outstanding stock of the taxpayer. In the case of the stockholdings of the Summerses in the taxpayer company, it is apparent from the manner in which both companies were operated that that stock was placed wholly at the disposal of the Paxton Brick Co. The Summerses were the principal officers of both companies and as such directed the policies of each for the common good of both. This, in our opinion, under the facts disclosed by the record in this appeal, constitutes ownership or control of substantially all of the stock of the Watsontown Brick Co. by the Paxton Brick Co.

It follows that the small minority left after the purchase of October 31 is not sufficient to deprive the taxpayer of consolidation with the Paxton Brick Co., and we hold, therefore, that the two companies were affiliated and that the tax should be computed on the basis of consolidated returns from and after November 1, 1919. These computations should be prepared in the manner heretofore set forth in the *Appeal of American La Dentelle, Inc.*, 1 B. T. A. 575.