*88 OPINION.
James:
It is clear that the Commissioner erroneously computed the deduction from invested capital arising out of the dividend declared October 9, 1919, and thereafter paid in amounts totaling $23,920. The earnings of the taxable year should be prorated to October 9,1919, and only any excess of dividends over such earnings should be deducted in determining invested capital.
*89 The taxpayer claims affiliation with the Paxton Brick Co. The evidence indicates that, throughout the year 1919, 899 shares of stock of the taxpayer were owned by the Paxton Brick Co. and that during the year officers and stockholders of that company acquired all of the outstanding stock of the taxpayer in excess of its own holdings. It also appears that at the beginning of the year a small block of its stock was acquired by the taxpayer itself. Between the beginning of the year and June 4, the combined stockholdings of the Paxton Brick Co. and its officers and stockholders in the taxpayer reached 87.29 per cent. By October 31, the total was 89.97 per cent, and by November 3, 92.64 per cent. On November 5 all of the stock of the taxpayer passed into the control of the Paxton Brick Co. or its officers and stockholders.
It is apparent that the Paxton Brick Co. at all times after the acquisition of its original holding of 899 shares controlled the business activities of the taxpayer. However, it does not appear that it controlled the stock held by minority interests other than that those stockholders were not active in the affairs of the taxpayer and their interests were acquired as rapidly as they could be located and negotiations completed for their stock. Control of the business is not control of the stock of a corporation conducting a business, nor, where a minority of- stockholders are present, even though quiescent, representing 27.04 per cent of the stock, can we hold that the stock owned or controlled by the parent company constitutes substantially all of such stock. Not until after the first of November in the taxable year did the stockholdings of the Paxton Brick Co., including the stock held by its officers and stockholders, exceed 90 per cent of the total outstanding stock* of the taxpayer. In the case of the stock-holdings of the Summerses in the taxpayer company, it is apparent from the manner in which both companies were operated that that stock was placed wholly at the disposal of the Paxton Brick Co. The Summerses were the principal officers of both companies and as such directed the policies of each for the common good of both. This, in our opinion, under the facts disclosed by the record in this appeal, constitutes ownership or control of substantially all of the stock of the Watsontown Brick Co. by the Paxton Brick Co.
It follows that the small minority left after the purchase of October 31 is not sufficient to deprive the taxpayer of consolidation with the Paxton Brick Co., and we hold, therefore, that the two companies were affiliated and that the tax should be computed on the basis of consolidated returns from and after November 1, 1919. These computations should be prepared in the manner heretofore set forth in the Appeal of American La Dentelle, Inc., 1 B. T. A. 575.